## WHIPPLE *versus* WING.

Where the defendant is sued as a *lessee*, and he defends as *purchaser* of a patent, if the Court in their instructions to the jury *assume* the title to the patent to be in plaintiff, and that he has proved the erection of a machine in the defendant's shop and his use of it, and that the plaintiff is entitled to recover, unless the defendant, taking upon himself the burden of proof, shall show that he is not so entitled, exceptions may be sustained.

ON EXCEPTIONS from *Nisi Prius*, CUTTING, J., presiding.

ASSUMPSIT, to recover for the use of a Norcross planing machine from October 1851, to June, 1852. A verdict was returned for plaintiff.

The defence made, the nature of the evidence and the instructions of the Court objected to, appear in the opinion of the Court, which was drawn up by

APPLETON, J.— This is an action of assumpsit in which the plaintiff seeks to recover "for the use of one Norcross planing machine, from Oct. 1851, to June 1852, at the rate of $100 per year."

It appears from the evidence that the plaintiff, being the assignee of the Norcross patent, had set up a machine in the defendant's shop, and that it had been used by him. The defendant claimed that he had purchased the machine for the use of which the suit was brought, and introduced evidence tending to prove that fact.

The Court instructed the jury that, " the plaintiff being the owner of the Norcross right, and having proved that he *set up a machine in the defendant's shop, and that it was used by him, had made out a case,* and the plaintiff was entitled to recover unless the defendant, taking upon himself the burden of proof, shows that the plaintiff is not entitled to recover." The fact that the plaintiff set up a machine in the defendant's shop, and that it was used by him, is equally consistent with the right to recover, as on a sale, or on a promise express or implied, to pay for the use of the machine. The question in dispute was whether the defendant had purchased the machine, or taken and used it on such

conditions or under such circumstances as to be liable for its hire. This was the issue which the jury were to determine. The fact upon which the instruction was predicated was consistent with the position taken by the plaintiff. It was none the less so with that of the defendant. But in this, as in all cases, the burthen of proof is on the plaintiff to establish at least a *prima facie* case. The instruction assumes every thing in dispute and submits nothing to the jury. From the facts stated, which are assumed to be true, the Judge draws the inference; and that is, that the plaintiff had made out a case; in other words, that there was no sale, but a use under such circumstances as entitled the plaintiff to compensation; that the defendant had used the machine in subservience to the title of the plaintiff and under an express or implied promise to pay for its use. But the inference from the facts proved, was equally, with the question whether they were proved, a matter for the jury. The question should have been submitted to their consideration, with alternative instructions, according to the different state of facts as alleged to exist on the one part or the other, with authority to the jury to draw such inferences as they might deem just, from such facts as they might find. *Linscott* v. *Trask*, 35 Maine, 150.

The plaintiff was the owner of the machine with an assignment of the Norcross patent. The machine could not lawfully be used without the consent of the patentee. If, then, the plaintiff, owning both the machine and the right to use it, should lease the machine, the right to use the machine must be regarded as included. A lease to the defendant of what he could not enjoy without the consent of the plaintiff, would confer no benefits upon him. The lease of a patented machine by the patentee, or his assignee, must be regarded as conveying, as against him, the right to use it without let or hindrance. The whole is given in the lease of the machine. What would be the effect on the rights of the lessee in case his lessor should convey by valid assignment, his rights to the use of the patent, within the limits in

which it was to be used, to a stranger, is a question which it is not material now to consider.

*Exceptions sustained. — New trial granted.*